

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1667 | **DATE** | 12/23/2002 |
| **CASE TITLE** | U.S.A. vs. Anderson | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order granting in part and denying in part Mr. Anderson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. section 2255. Mr. Anderson's request for relief is granted with respect to the restitution order, which is hereby vacated, and denied with respect to all other aspects of his sentence. Enter Amended Judgment in A Criminal Case.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

2
number of notices

DEC 2 4 2002
date docketed

12/23/2002
date mailed notice

**Document Number**

14

| MPJ | courtroom deputy's initials |
|---|---|

U.S. DISTRICT COURT
CLERK

02 DEC 23 PM 5: 28

FILED-E

Date/time received in central Clerk's Office

MPJ
mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
        v.                        )
                                  )    No. 02 C 1667
THOMAS ANDERSON                   )
                                  )    **DOCKETED**
                                  )    DEC 2 4 2002

<u>MEMORANDUM OPINION AND ORDER</u>

Thomas Anderson pled guilty to one count of embezzlement, and was sentenced to 41 months imprisonment and ordered to pay restitution. Mr. Anderson appealed various aspects of his sentence, which was upheld. He now brings a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. I grant the motion in part, and deny the motion in part.

The facts of this case are more fully set out in *United States v. Anderson,* 259 F.3d 853, 856-57 (7th Cir. 2001), but are essentially as follows. As an assistant branch manager at TCF National Bank ("TCF") in Hickory Hills, Illinois, Mr. Anderson embezzled $30,650 from the account of TCF customer Lottie Wasserbauer. Mr. Anderson pled guilty to a charge of embezzlement arising from this conduct. At the sentencing hearing, I found that Mr. Anderson also made unauthorized withdrawals from the account of another TCF customer ("Kern relevant conduct"), as well as two additional withdrawals from the Wasserbauer account ("Wasserbauer relevant conduct"). Some or all of these withdrawals were made

14

with the help of unwitting TCF employees, including one who was a minor at the time. I also found that Mr. Anderson lied under oath at the sentencing hearing and that he did not accept responsibility for his actions. As a result of these findings, I sentenced Mr. Anderson to 41 months imprisonment, four years of supervised release, and a $100 special assessment. I also directed Mr. Anderson to pay $62,627.58 in restitution for the Kern and Wasserbauer relevant conduct.[1] This sentence was upheld by the Seventh Circuit. *Id.*

Mr. Anderson, acting *pro se*, now seeks relief under § 2255. His brief is lengthy and overlapping, but I will try to address each of his claims in the order in which he presents them. Essentially, he makes three broad claims for relief: ineffective assistance of counsel at sentencing, ineffective assistance of counsel on appeal, and a due process argument that he was sentenced based on false and unreliable information. Additionally, he asks me to reconsider my findings that he lied under oath at the sentencing and failed to accept responsibility for his actions.

I. Ineffective Assistance of Counsel at Sentencing

In order to prevail on a claim of ineffective assistance of counsel, Mr. Anderson must show that the performance of his

---

[1] The original $30,650 that had been removed from the Wasserbauer account had already been repaid. (Tr. at 6-7.)

attorney, Lawrence Morrissey, was deficient, and that he was prejudiced by the deficient performance. *Kitchen v. United States,* 227 F.3d 1014, 1019-20 (7th Cir. 2000) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). Judicial review of attorney performance is highly deferential, and there is a strong presumption that the attorney's performance was reasonable. *Strickland,* 466 U.S. at 689. Even if Mr. Morrissey's performance was deficient, Mr. Anderson must show that there is a reasonable probability that, but for the deficient performance, the result of the proceedings would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Mr. Anderson points to several instances of Mr. Morrissey's performance that he argues are both deficient and prejudicial.

A.   Failure to Submit Favorable Evidence

Mr. Anderson first argues that Mr. Morrissey's assistance was ineffective because he falied to submit as evidence certain reports ("302 Statements") made by FBI agent Maureen Reddy following her interviews with three TCF employees whom Mr. Anderson allegedly used to engage in the Kern relevant conduct. Mr. Anderson argues that the 302 Statements show that these employees were working as Sales and Service Representatives ("SSRs" or "personal bankers"), not tellers. Mr. Anderson argues that this distinction is relevant because, according to bank policy, personal bankers are not

permitted to perform cash withdrawals at the direction of other bank employees unless the customer is physically presented to the banker completing the transaction. Agent Reddy testified at the sentencing hearing that several of the transactions in the Kern relevant conduct involved Mr. Anderson presenting a withdrawal ticket to an employee with access to a cash drawer who would withdraw money from Ms. Kern's account and give the cash to Mr. Anderson, apparently assuming that Ms. Kern was back in Mr. Anderson's office. (Tr. at 39.) Agent Reddy referred to these employees as tellers, but even if they were actually personal bankers as Mr. Anderson contends, the distinction is irrelevant here. The fact that there was a policy in place prohibiting personal bankers from performing cash withdrawals for other employees without personally seeing the customer does not mean that the policy was strictly adhered to and that it would have been impossible for Mr. Anderson to use the employees in the manner presented by the United States. It is not unreasonable to believe that the employees, even if personal bankers, completed withdrawals for Mr. Anderson without personally seeing Ms. Kern because they were under the mistaken impression that she was in Mr. Anderson's office. The fact that Mr. Morrissey did not submit as evidence the 302 Statements from those employees does not undermine confidence in the sentencing. Thus, even if Mr. Morrissey's performance was constitutionally deficient in not submitting the statements--a

dubious proposition at best considering the strong presumption of reasonable performance--the effect was not prejudicial.

B. Failure to Request or Obtain Favorable Evidence

Mr. Anderson next argues that Mr. Morrissey's performance was deficient because he failed to request or obtain corroborative and exculpatory bank records. First, he claims that certain bank records would indicate the capacity in which the employees he allegedly used in the Kern relevant conduct were working. But as discussed above, the SSR/teller distinction is irrelevant here. Second, he argues that bank records would show that he did not change Ms. Wasserbauer's address information. This is relevant, he claims, because I found that Mr. Anderson had changed the address information of Ms. Kern. Because he allegedly changed Ms. Kern's address, but did not change Ms. Wasserbauer's, Mr. Anderson argues that the Kern relevant conduct was not the "same course of conduct" as the charged Wasserbauer embezzlement. Whether the Kern conduct was performed in the exact same way as the charged Wasserbauer conduct is irrelevant, however. I found--and the appellate court affirmed--that Mr. Anderson engaged in the Kern relevant conduct. The guidelines allow me to consider as relevant any conduct "that occurred during the commission of the offense of conviction." USSG §1B1.3. The guidelines do not require the relevant conduct to be the "same course of conduct."

Mr. Anderson also argues that the fact that he allegedly

5

changed Ms. Kern's address but not Ms. Wasserbauer's address is actually evidence that he did not commit the Kern relevant conduct. Why, he asks, if he were trying to hide his involvement in the Kern relevant conduct, would he complete a change of address himself? He didn't in the case of Ms. Wasserbauer, he argues. But my finding that he engaged in the Kern relevant conduct had nothing to do with whether or not he ever changed Ms. Wasserbauer's address information. Thus, any evidence that Mr. Morrissey failed to obtain indicating that there was no address change for Ms. Wasserbauer is not relevant, and the failure to obtain it was not prejudicial.

Finally, Mr. Anderson argues that bank records not obtained by Mr. Morrissey would show that the bank had an ongoing internal theft problem not attributable to Mr. Anderson. The fact that there may have been others engaging in misconduct at TCF does not change the evidence that supported my finding that Mr. Anderson engaged in the relevant conduct. Thus, any failure to request and obtain evidence supporting this fact was not prejudicial to Mr. Anderson.

C. Failure to Interview or Call Possible Defense Witnesses

Mr. Anderson next argues that Mr. Morrissey's assistance was ineffective because he failed to call various defense witnesses. Specifically, Mr. Anderson argues that Mr. Morrissey should have called three TCF employees he allegedly used in the Kern relevant

conduct to testify. Mr. Anderson states that these employees would have testified as to their status as personal bankers and the bank's policy regarding transactions made for other employees. As discussed above, however, whether these employees were acting as personal bankers or tellers is irrelevant, and the failure to call them as witnesses was not prejudicial.

Mr. Anderson also argues that Mr. Morrissey should have called TCF manager Ryan Connelly to testify about bank procedures. Mr. Anderson claims that Mr. Connelly's testimony would have contradicted the testimony of Alia Shehadi, a teller allegedly used in the Kern relevant conduct. Ms. Shehadi testified that she needed a code from her supervisors to access certificate of deposit ("CD") accounts, the type of accounts involved in the Kern relevant conduct. Mr. Anderson states that Mr. Connelly would have testified that there is a way for tellers to access CD accounts without a code. Whether or not tellers need a code, Ms. Shehadi testified that she had only been working at the bank four or five months and that *she* did not know how to access CD accounts without a supervisor's code. (Tr. at 71.) Thus, Mr. Connelly's testimony would have done little to contradict Ms. Shehadi's testimony, and Mr. Morrissey's failure to call Mr. Connelly as a witness was not prejudicial to Mr. Anderson.

D. Failure to Interview and Impeach Government Witnesses

Mr. Anderson next argues that Mr. Morrissey's assistance was

ineffective because he failed to interview and impeach the testimony of Agent Reddy and Ms. Shehadi. The only testimony of Agent Reddy that Mr. Anderson argues should have been contested by Mr. Morrissey involves the irrelevant SSR/teller distinction. Mr. Morrisey's failure to pursue this line of questioning with Agent Reddy was not prejudicial. Mr. Anderson also argues that Mr. Morrissey should have contested Ms. Shehadi's testimony regarding her ability to access CD accounts. As noted above, however, Ms. Shehadi simply testified that she herself needed a supervisor's code. Attempting to impeach her on this point would have been of extremely limited value. Mr. Anderson also notes that Mr. Morrissey should have impeached Ms. Shehadi's testimony as biased because she indicated in her 302 Statement that she disliked Mr. Anderson. Failure to impeach Ms. Shehadi's testimony on this basis, however, hardly undermines confidence in the sentencing, and Mr. Morrissey's performance here was thus not prejudicial.

E. Failure to Object to False and Unreliable Information

Mr. Anderson next argues that Mr. Morrissey's assistance was ineffective because he failed to object to the Government's use of false and unreliable information regarding the Wasserbauer relevant conduct. The Wasserbauer relevant conduct involved two $1,000 withdrawals from the Wasserbauer account performed by Ms. Shehadi and another teller, Laurie Mullen. Mr. Anderson argues that in finding that he had engaged in the Wasserbauer relevant conduct,

both I and the appellate court relied on the fact that Ms. Shehadi and Ms. Mullen could not have completed $1,000 withdrawals without a supervisor's authorization. Mr. Anderson claims that this is not true, and that tellers can perform $1,000 withdrawals on their own. Even if Mr. Anderson is correct,[2] there was much additional evidence supporting the finding that Mr. Anderson ordered these two withdrawals. As the appellate court noted, these withdrawals were made by tellers supervised by Mr. Anderson on days in which he was working at the bank, both Ms. Mullen and Ms. Shehadi indicated that they often made similar withdrawals for Mr. Anderson, Ms. Shehadi testified that she did not take money for herself from the Wasserbauer account, and Mr. Anderson admitted to personally making unauthorized withdrawals from the same account during that time period. *Anderson,* 259 F.3d at 860. Thus, even if Mr. Morrissey could have shown that tellers could perform $1,000 transactions without supervisor authorization, his failure to do so was not prejudicial.

Mr. Anderson also argues that various statements made by Agent Reddy in her testimony were false and unreliable. Mr. Anderson's unsupported allegations, however, do not undermine confidence in

---

[2] The only evidence Mr. Anderson cites for his claim that tellers can perform $1,000 withdrawals on their own is testimony of Ms. Shehadi when she agreed with the prosecution when asked "[I]s it correct that tellers are only authorized to make withdrawals of $1,000 or less without a supervisor's signature?" (Tr. at 80-81.) This testimony came during questioning about withdrawals from the Kern account in the amounts of $1,500, $3,000, and $4,500. *Id.*

the sentencing, and Mr. Morrissey's failure to object to these statements was not prejudicial.

F.  Failure to Object to Wasserbauer Relevant Conduct for Insufficient Evidence

Mr. Anderson next argues that Mr. Morrissey should have objected to the finding that Mr. Anderson engaged in the Wasserbauer relevant conduct because there was insufficient evidence to support this allegation. As discussed above, however, even assuming that Mr. Anderson is correct that tellers could perform $1,000 withdrawals without supervisor approval, there was sufficient evidence to support the finding that Mr. Anderson was responsible for the two additional unauthorized withdrawals from the Wasserbauer account. Mr. Morrissey's failure to raise an insufficiency of the evidence argument was not prejudicial.

G.  Failure to Object to Prosecution's Improper Statements

Mr. Anderson next argues that Mr. Morrissey's assistance was ineffective because he failed to object to improper statements made by the prosecution. He claims that the prosecution referred to crimes not presented or even in existence in an effort to portray Mr. Anderson as a serial embezzler. Specifically, Mr. Anderson argues that Mr. Morrissey should have objected to prosecution statements that the Government believed there were other victims, that the bank was looking into other apparent instances of Mr. Anderson changing customer addresses, and that the Government

believed it had "only hit the tip of the iceberg." (Tr. at 113-14). Mr. Anderson's sentence was based on evidence presented at the sentencing hearing, not argument by the prosecution that he may have engaged in other, undiscovered illegal activity. Even if Mr. Morrissey had objected to these statements at the sentencing hearing, the outcome would have been the same. His failure to do so was not prejudicial.

    H.    Failure to Advise Mr. Anderson Against Testifying

    Mr. Anderson next argues that Mr. Morrissey's counsel was ineffective because Mr. Morrissey failed to advise Mr. Anderson against testifying. Mr. Anderson was proceeding under a theory of actual innocence as to the relevant conduct accusations. (Tr. at 82) (Mr. Morrissey: "My client wishes to testify, Judge. He didn't take this money and wants the Court to know that.") Given the strong presumption that an attorney's performance was reasonable, I cannot say that a tactical decision by Mr. Morrissey not to advise his client against testifying as to his side of the story and alternative theories of the transactions would constitute deficient performance. Mr. Anderson is correct in noting that his testimony was the basis for the obstruction of justice and failure to accept responsibility adjustments. He lied under oath. That Mr. Anderson chose to lie on the stand, however, and subject himself to these additional penalties does not make Mr. Morrissey's alleged failure to advise Mr. Anderson against testifying, if that

was indeed the case, unreasonable.

I. Failure to Object to Restitution Order

Mr. Anderson next argues that Mr. Morrissey's assistance was ineffective because he failed to object to the restitution order that Mr. Anderson now argues was improper. Mr. Anderson claims that restitution for the Kern relevant conduct and the Wasserbauer relevant conduct was not authorized by 18 U.S.C. § 3663 and that ordering such restitution was contrary to the Supreme Court's decision in *Hughey v. United States,* 495 U.S. 411 (1990), holding that restitution may not be ordered for anything other than the offense of conviction. *See also United States v. Menza,* 137 F.3d 533, 537 (7th Cir. 1998) (citing *Hughey*). Here, Mr. Anderson's offense of conviction was embezzlement. This offense was based on nine unauthorized withdrawals from Ms. Wasserbauer's account. The two additional unauthorized withdrawals from her account and the unauthorized withdrawals from Ms. Kern's account for which Mr. Anderson was ordered to pay restitution were not part of the offense of conviction. Mr. Anderson is thus correct in arguing that restitution was not warranted here. *See United States v. Scott,* 250 F.3d 550, 553 (7th Cir. 2001) ("Although [the conduct for which the district court ordered restitution] was surely 'relevant conduct,' it was not 'charged conduct,' so without covering the topic in a plea agreement (recall, [defendant] pled guilty without an agreement), restitution ... cannot be awarded.")

(citing *Menza*). Had this issue been brought to my attention before or during the sentencing hearing, I would not have ordered restitution for the Kern and Wasserbauer relevant conduct. I see no tactical reason for failing to raise this issue, and consequently, Mr. Morrissey's failure to do so was both deficient performance and prejudicial to Mr. Anderson. As a result, the restitution order is vacated.

## II. Ineffective Assistance of Counsel on Appeal

Mr. Anderson's argument that he received ineffective assistance of counsel on appeal is essentially a claim that Mr. Morrissey failed to adequately communicate with Mr. Anderson and that he failed to raise certain issues on appeal as requested by Mr. Anderson. Mr. Anderson specifically points to Mr. Morrissey's failure to raise the issue of the Government's reliance on false and unreliable information and his failure to raise the restitution issue. With respect to the former, as I explained in Part I.E above, the failure to object at the sentencing hearing to the Government's use of allegedly false and unreliable testimony was not prejudicial to Mr. Anderson. Failure to raise the issue before the appellate court was likewise not prejudicial. With respect to the restitution issue, Mr. Morrissey did raise the issue before the appellate court, although it appears to have been limited to a footnote calling the issue "a minor point" and "moot." (Def.'s

13

Reply Ex. K.) Whether raising the issue in this manner is sufficient to constitute reasonable performance by Mr. Morrissey is immaterial, as I have already found his performance on this issue at sentencing deficient and vacated the restitution order.

III. Sentenced Based on False and Unreliable Information

Mr. Anderson argues that he is entitled to relief because he was sentenced on the basis of inaccurate information. His argument here simply rehashes arguments made in claiming ineffective assistance of counsel. Specifically, Mr. Anderson argues that his sentence was based on a misunderstanding of the SSR/teller distinction and false information about whether Ms. Shehadi and Ms. Mullen needed supervisor authority to make the withdrawals in the Wasserbauer relevant conduct. As discussed above, these issues were irrelevant to my finding that Mr. Anderson had engaged in the relevant conduct. Mr. Anderson thus presents no evidence that his sentence was based on false and unreliable information.

IV. Obstruction of Justice and Failure to Accept Responsibility

Finally, Mr. Anderson urges me to reconsider my findings at the sentencing hearing that he lied under oath and that he failed to accept responsibility for his actions. Mr. Anderson claims that based on the evidence and arguments presented in his brief, these findings no longer apply. Given that the only argument of Mr.

Anderson's that had any success here involved the restitution order, which had nothing to do with my findings that Mr. Anderson lied under oath and failed to accept responsibility, there is no reason to reconsider those findings, which were upheld by the appellate court. *See Anderson,* 259 F.3d at 860-62.

## V. Conclusion

Excepting the failure to raise the issue of the restitution order, Mr. Anderson received effective assistance of counsel, both at sentencing and on appeal. Additionally, he was not sentenced based on false and unreliable information, and there is no reason to reconsider my findings on obstruction of justice and failure to accept responsibility. Mr. Anderson's request for relief is therefore GRANTED with respect to the restitution order, which is hereby VACATED, and DENIED with respect to all other aspects of his sentence.

ENTER ORDER: *Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:     December 23 , 2002

15

# UNITED STATES DISTRICT COURT

Northern      District of   Illinois

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

**v.**

Thomas Anderson

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 99 CR 850

**Date of Original Judgment:** 8/2/2000

Lawrence E. Morrissey
Defendant's Attorney

(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☒ Direct Motion to District Court Pursuant to  ☒ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    one (1)

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:656 | Theft/embezzlement/misapplication by bank officer or employee | 5/20/1999 | one |

The defendant is sentenced as provided in pages  one  and  two   of this judgment. The sentence is imposed pursuant to the *Sentencing Reform Act of 1984.* Other than the amendments or modifications stated in this judgment, the judgment entered _8/2/2000_  is to stand (see attachment).

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec.   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

Defendant's Date of Birth: 4/15/1971

Defendant's USM No.:   12115-424

Defendant's Residence Address:

216 Clinton Ave.

Oak Park, Il. 60302

12/23/02
Date of Imposition of Judgment

Signature of Judicial Officer

Elaine E. Bucklo/ Judge
Name and Title of Judicial Officer

12-25-02
Date

Defendant's Mailing Address:
Same as above

DEFENDANT:  Anderson
CASE NUMBER: 99 CR 850

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ Vacated |
| | $100.00 | | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| **TOTALS** | $ | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# UNITED STATES DISTRICT COURT

Northern — District of — Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| Thomas Anderson | Case Number: 99 CR 850 |
| | Lawrence E. Morrissey |
| | Defendant's Attorney |

## THE DEFENDANT:

- [x] pleaded guilty to count(s) __one (1)__
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:656 | Theft/embezzlement/misapplication by bank officer or employee. | May 20, 1999 | one |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth.: __4/15/1971__

Defendant's USM No.: __12115-424__

Defendant's Residence Address:
216 Clinton Ave.
Oak Park, Il. 60302

Defendant's Mailing Address:
Same as above

August 2, 2000
Date of Imposition of Judgment

Elaine E Bucklo
Signature of Judicial Officer

Elaine E. Bucklo/ Judge
Name and Title of Judicial Officer

8-3-00
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _forty-one (41) months._

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be allowed to serve his sentence at Oxford, Wisconsin.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2 p.m. on _10/2/2000_____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>four (4) years.</u>
As special conditions, defendant shall (1) provide the probation officer with access to any requested financial information, and (2) he shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the terms of supervised release. The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Anderson
CASE NUMBER: 99 CR 850-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 62,627.58 |
| $62,727.58 | | | |

Any interest is waived.

☐ If applicable, restitution amount ordered pursuant to plea agreement ......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TCF Bank<br>880 Burr Ridge Parkway<br>Burr Ridge, Il. 60521<br>Attn: Marcy Anderson | | 62,627.58 | |
| Totals: | $ _____ | $ 62,627.58 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT: Anderson
CASE NUMBER: 99 CR 850

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [x]  In full immediately; or

B  [ ]  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _____ ; or

D  [ ]  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: Anderson
CASE NUMBER: 99 CR 850

# STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court :

Total Offense Level: __22__

Criminal History Category: __I__

Imprisonment Range: __41__ to __51__ months

Supervised Release Range: __3__ to __5__ years

Fine Range: $__7,500__ to $ __75,000__

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __62,627.58__

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[X] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons: The court finds no reason to depart from the guideline range.

## OR

[ ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[ ] for the following specific reason(s):